No. 108

CINCI., M. & L. TRAC. CO. v. RICKETTS

Ohio Appeals, 1st Dist., Hamilton County

Decided Dec. 10, 1923

829. NEGLIGENCE — Doctrine of last chance, invoked by trespasser for injuries sustained by automobile caught upon tracks of traction company, requires motorman to exercise proper care upon actual discovery of fact.

Middleton, Sayre and Mauk, JJ., sitting.

MAUCK, J.

Epitomized Opinion

First Publication of this Opinion

This action was hear on error to the Superior Court of Cincinnati. Ricketts brought the action and recovered a judgment against the Traction Company for injuries caused his automobile by being struck by a car of the defendant. The plaintiff and his machine were on the track of the defendant on its private right of way. The plaintiff bore no business or other relation to the defendant, and was not on the latter's property by any sort of invitation. No primary duty was therefore owed him by the company, except to avoid injuring him through willful or wanton negligence.

The judgment now sought to be reversed can be sustained only through the application of the doctrine of "last clear chance," the claim of Ricketts being that it is a typical case for that doctrine. His contention is, that after his machine got on the car track, it became fastened between the ties and could not be moved; that the motorman was signaled to stop and that a red light on the car was apparent to the motorman who, nevertheless, ran his car into the automobile.

The rule of liability, at least when invoked by trespasser under the "last clear chance" doctrine, does not rest upon imputed or constructive knowledge. It must be predicated on the actual knowledge of the tort feasor. Erie Ry. v. McCormack, 69 OS. 45; West v. Gillette, 95 OS. 305. These cases state the Ohio rule so far as licensees and trespassers are concerned.

The trial court, in its instruction to the jury, in one place gave the true rule and elsewhere charged erroneously where it said, "The law, however applicable to such fact, is that if the warning was given and such warning was observed, or would have been observed by an ordinary, prudent motorman, then it became the duty of such motorman to exercise ordinary care and prudence to avoid injuring the automobile." The use of the underscored language vitiated the charge and was not cured by a correct statement elsewhere appearing therein.

Which of the instructions the jury followed, it is impossible to say and the court cannot assume that the jury selected one statement of the charge which was substantially correct, and rejected the erroneous one. Ry. Co. v. Frye, 80 OS. 289. Hence the judgment of the Superior Court is reversed and the cause remanded for further proceedings according to law.

Attorneys—Buchwalter, Headley & Smith, Cincinnati, for Ricketts; Alvin H. Hodges, Cincinnati, for Ry. Co.